■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ROBERTSON, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered February 20, 1990, convicting the defendant, upon a jury verdict, of three counts of attempted murder in the first degree, reckless endangerment in the first degree, three counts of attempted aggravated assault upon a police officer or a peace officer, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to three concurrent indeterminate terms of imprisonment of from twenty-five years to life on the attempted murder counts, to run concurrently with an indeterminate term of imprisonment of from three and one-half to seven years on the reckless endangerment count, all to run concurrently with four concurrent indeterminate terms of imprisonment of from seven and one-half to fifteen years on the possession of a weapon and attempted aggravated assault counts, all to run consecutive to an indeterminate term of imprisonment of from seven and one-half to fifteen years on the possession of a controlled substance count, modified, on the law, to vacate the judgment

on count nine of the indictment and this count is remitted for a new trial, and otherwise affirmed.

After a police officer observed the butt of a gun protruding from the defendant's waistband, he and his fellow officers were fully justified in ordering the defendant to stop and then in chasing him, after he attempted to flee. The Supreme Court properly denied the defendant's suppression motion since he did not discard inculpatory evidence in response to any illegal police conduct *(People v De Bour,* 40 NY2d 210).

There was also a sound basis for the Supreme Court's determination that a police officer's on-line booking arrest report was included in *Rosario* material turned over by the prosecutor prior to trial. In any event, even if this report was not turned over until immediately prior to the People's rebuttal case, the defendant was not prejudiced by this late disclosure since defense counsel received the report at a time when it was still useful to his defense *(see, People v Perez,* 65 NY2d 154).

Since the verdict sheet, to which defense counsel excepted, contained a parenthetical explanation of count nine, charging the defendant with criminal possession of a weapon in the second degree, the conviction on this count must be vacated and the count remitted to the trial court for further proceedings. The Court of Appeals has stated that reversible error occurs when a verdict sheet containing parenthetical notations of "some or all of the crimes' statutory elements" is submitted to the jury "[u]nless the parties consent" *(People v Taylor,* 76 NY2d 873, 874; *People v Nimmons,* 72 NY2d 830).

Finally, in light of the defendant's criminal background, the sentence imposed did not constitute an abuse of discretion. Concur—Rosenberger, Asch and Rubin, JJ.

Sullivan, J. P., and Kassal, J., dissent in part in a memorandum by Sullivan, J. P., as follows: I would affirm the judgment in its entirety.

The only issue with which I disagree with the majority has to do with the submission of a verdict sheet with a parenthetical notation as to one of the counts. In a discussion between the court and counsel about the verdict sheet after the charge, defendant requested that, with respect to the ninth count of the indictment charging criminal possession of a weapon in the second degree, the court "put in here parentheses unlawful with intent to use unlawfully against another." Noting that "it's the presence of unlawful intent that distinguishes count nine from ten", the court agreed to a parenthetical

statement that included the words, "unlawful intent", to which the prosecutor consented. Defense counsel objected but only to the extent that the parenthetical statement be expanded to read, "[I]ntent to use unlawfully against another." The court ultimately decided to the submission of a parenthetical notation that merely stated: "unlawful intent". Defendant excepted to the language but not to the use of the parenthetical notation itself.

In such a record, it seems clear, defendant did not object to the use of the parenthetical notation to highlight the distinction between the ninth and tenth counts of the indictment. His objection was only as to the particular language utilized. Thus, defendant's present claim that the court's submission of a verdict sheet containing the parenthetical "unlawful intent", an element of the crime of unlawful possession of a weapon in the second degree, mandates reversal because it placed undue influence on the parenthetical matter, has not been preserved for appellate review. *(See,* CPL 470.05 [2]; *cf., People v Hoke,* 62 NY2d 1022.)

In any event, in submitting the verdict sheet with the parenthetical "unlawful intent", the court substantially complied with defendant's request that the notation read: "intent to use unlawfully against another". The court's language accomplished the mutually understood salutary purpose underlying the submission of the parenthetical notation, namely, distinguishing the second and third degree weapons possession charges. Defendant should not be permitted, at this juncture, to claim error in the submission of a written portion of a charge which he himself insisted upon merely because it does not repeat, verbatim, his specific request. In essence, the language reflected his request and achieved the purpose intended. Thus, there was no error under *People v Taylor* (76 NY2d 873).